United States District Court
Southern District of Texas
**ENTERED**
September 08, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **BARBARA ANDREA SILVA CAMACHO,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **Civil Case No. 4:26-CV-07308** |
| | § | |
| **TODD BLANCHE, DAREN K MARGOLIN, MARKWAYNE MULLIN, TODD M LYONS, WARDEN and BRET BRADFORD,** | § | |
| | § | |
| **Respondents.** | § | |

**ORDER OF DISMISSAL**

Barbara Andrea Silva Camacho is detained in the custody of the Department of Homeland Security. She has been detained in multiple locations. Last month, while detained in the Southern District of Texas, she filed a petition under 28 U.S.C. §2241 for a writ of habeas corpus. *See Silva Camacho v. Blanche*, No. 4:26-CV-06450, (S.D. Tex. Aug. 26, 2026) (Eskridge J.). Silva Camacho was later transferred to El Paso, Texas, and she filed another petition in the Western District of Texas. *See Silva Camacho v. Blanche*, No. 3:26-CV-02193 (W.D. Tex. August 24, 2026) (Cardone, J.). These two petitions raise the same claims for relief and follow Silva Camacho's voluntary agreement to leave the United States. The case pending before Judge Eskridge in the Southern District of Texas case has been dismissed with prejudice. *See Silva Camacho*, No. 4:26-CV-6450, Dkt. No. 10 at 3.

The Western District of Texas case was transferred to this Court on August 28, 2026—two days after final judgment was entered in Silva Camacho's Southern District of Texas case. The transfer Order states that Silva Camacho "appears to have been detained at the Houston Contract Detention Facility at the time" the petition was filed on August 7, 2026. (*Id.*). The Order goes on to find, "[t]hus, the Southern District of Texas has jurisdiction over the original habeas petition and retained jurisdiction despite Silva Camacho's subsequent transfer to El Paso." (*Id.*). The court noted that the petition filed in the Western District of Texas and the petition filed in Southern District of Texas "appear[] to raise the same claims and ha[ve] been fully briefed." (*Id.*). The petition in the Western District, the court found, was therefore, "duplicative." (*Id.*).

A habeas petitioner may not maintain duplicate proceedings to challenge the same detention. A case is duplicative if it involves "the same series of events" and allegations of "many of the same facts as an earlier suit." *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). As Judge Cardone noted, the petition before this Court is duplicative. It will therefore be dismissed. *See, e.g., Beras v. Johnson*, 978 F.3d 246, 252 (5th Cir. 2020) (explaining that "a § 2241 application should be dismissed as an abuse of the writ" when the petitioner attempts "to raise the same claim a second time"); *Tshishi v. Warden*, No. 3:26-CV-01526, 2026 WL 1733202, at *1 (W.D. Tex. June 15, 2026) (applying that doctrine in the immigration habeas context).

Silva Camacho's petition for a writ of habeas corpus is therefore **DENIED with prejudice** as duplicative. Counsel's motion to appear pro hac vice, (Dkt. No. 2), is **DENIED as moot**.

It is SO ORDERED.

Signed on September 8, 2026.

Drew B. Tipton

**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**